STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-628

AMANDA E. SMITH

VERSUS

LIL RASCALS CHILD CARE CENTER, INC.

**********

APPEAL FROM THE
LAKE CHARLES CITY COURT
PARISH OF CALCASIEU, NO. 05-1592
HONORABLE JOHN STEWART HOOD, CITY COURT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Skipper Maurice Drost
Attorney at Law
One Lakeshore Drive, Suite 100
Lake Charles, LA 70602
(337) 436-4546
Counsel for Defendant/Appellee:
Lil Rascals Child Care Center, Inc.

Robert Joseph Tete
Jones, Tete, et al.
P. O. Box 1930
Lake Charles, LA 70602-1930
(337) 439-8315
Counsel for Plaintiff/Appellant:
Amanda E. Smith

**EZELL, JUDGE**.

Amanda Smith appeals a trial court judgment finding that her employer, Lil Rascals Child Care Center, Inc., is not liable for penalties and attorney fees pursuant to La.R.S. 23:632 for failure to timely pay her wages when she voluntarily left her employment. We affirm the judgment of the trial court.

## FACTS

Ms. Smith was employed by Lil Rascals on November 19, 2004. She was paid $5.75 an hour to work in the two and three-year-old room. On January 25, 2005, Ms. Smith left her employment with Lil Rascals because she no longer had transportation to work. Ms. Smith stated that she informed Tonya Miller, the director of Lil Rascals, of the situation and asked if she could pick up her paycheck. Ms. Smith testified that she was told that she could pick up her paycheck on the normal payday, Friday, February 4. Payday was every other Friday. Ms. Smith stated that she went to pick up the check and was told that a check in the amount of $113.42 had been mailed.

Maxine Crooks, the executive director of Lil Rascals, testified that she always mails the last check to an employee who no longer works there. She mailed Ms. Smith's check to the last home address listed on her application. Ms. Smith testified that she no longer lived at that address, which was her mother's address. She moved in with her mother-in-law in Moss Bluff, which occurred at the same time she quit working for Lil Rascals.

Ms. Smith never received the check that was mailed, so she requested another one. Ms. Crooks issued another check to Ms. Smith on March 22 in the amount of $98.00. The amount of $14.50 had been deducted from the check as half of the stop payment fee of $29.00 which was charged due to loss of the first check. Ms. Smith was informed that she could pick up this check.

At this time, Ms. Smith hired an attorney. Ms. Crooks testified that she received a letter from Ms. Smith's attorney. She tried to get in touch with him on several occasions. Ms. Crooks testified that the attorney informed her that Ms. Smith would settle the claim for $1,700.00. A check in the original amount of $113.42 was finally issued on May 2.

Ms. Smith obtained new counsel, and the present lawsuit was filed in July asking for penalty wages and attorney fees. The matter was heard on January 19, 2006. The trial court found that Lil Rascals was in compliance with La.R.S. 23:631 and dismissed Ms. Smith's case.

## PENALTY WAGES AND ATTORNEY FEES

Ms. Smith claims that the trial court erred in determining that Lil Rascals had complied with La.R.S. 23:631. She specifically argues that the trial court was in error in determining that wages were timely paid when the check was placed in the mail but there was no evidence of timely mailing.

Regarding the payment of wages owed for an employee who leaves employment, La.R.S. 23:631(A) provides, in pertinent part:

> (b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no later than fifteen days following the date of resignation, whichever occurs first.

> (2) Payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal

2

Service.

The trial court observed that the original check that was issued was check number 3590 which was in the sequence of checks issued during the February 4 time period. The trial court noted that La.R.S. 23:631 does not require that the check be sent certified mail. Although the trial court could not explain why the check was never received nor returned to Lil Rascals, the court specifically found that the check was mailed to Ms. Smith's previous address where her family still lived. Therefore, the trial court found that Lil Rascals was in compliance with La.R.S. 23:631.

We agree with the trial court that the statute does not require there be an official postmark or other official documentation to indicate mailing. The statute indicates that proof of mailing "may be shown . . . ." When used, "may" is a permissive term as opposed to a mandatory term. La.R.S. 1:3.

The trial court made a credibility determination in finding that Lil Rascals mailed the check to Ms. Smith. The trial court even further determined that Lil Rascals made sufficient efforts to resolve the matter once it was determined that the check was missing. It is well-settled that a fact finder's reasonable evaluations of the credibility of witnesses will not be disturbed on appeal absent a finding that they are manifestly erroneous. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). The trial court's credibility determination is supported by the record. Therefore, we find no error in the trial court's decision that Lil Rascals complied with La.R.S. 23:631 when it mailed a check to Ms. Smith. Ms. Smith is not entitled to penalty wages and attorney fees pursuant to La.R.S. 23:632.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Amanda Smith.

**AFFIRMED.**

3